IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV201 |
| | ) | |
| V. | ) | |
| | ) | |
| **$63,530.00 IN UNITED STATES CURRENCY,** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Claimant Mark A. Brewer's Motion to Dismiss Verified Complaint for Forfeiture (filing 20). For the reasons explained below, Claimant's Motion will be denied.

### BACKGROUND

On June 12, 2012, the United States filed a Complaint for Forfeiture *In Rem* (filing 1) alleging the Defendant currency is forfeitable to the United States as either proceeds of drug transactions or as money used to facilitate the same. The Complaint alleges the Defendant currency was seized on November 28, 2011, by the Douglas County, Nebraska Sheriff's Office during a traffic stop involving Claimant. On July 11, 2012, Claimant filed a Verified Claim (filing 8), asserting ownership of the Defendant currency. Claimant filed an Answer (filing 9) to the Complaint on July 31, 2012.

### DISCUSSION

Claimant argues that the Complaint should be dismissed because the United States did not timely notify Claimant of its intent to initiate forfeiture of the Defendant currency. Section 983(a)(1)(A)(iv) of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides, "In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture

under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency." A claimant is entitled to judicial relief if he received inadequate notice. Section 983(e) states:

>   (1)   Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if - -
>
>   (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
>   (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

[18 U.S.C. § 983(e)(1)](#).

The circumstances surrounding this case do not support dismissal of the Complaint. The Defendant currency was seized by law enforcement on November 28, 2011. Following the seizure, the United States attempted to notify Claimant by sending written notice to multiple addresses on several dates, including January 9, 2012, February 29, 2012, and March 16, 2012. Claimant ultimately received notice on approximately March 6, 2012, ninety-nine days after the November 28, 2011 seizure. It is apparent that the United States reasonably attempted to notify Claimant within the ninety-day time frame. Moreover, the delay in Claimant's receipt of notice was minimal.

Claimant also asserts the Complaint should be dismissed because it fails to state sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern pleading requirements in forfeiture proceedings. The Supplemental Rules require that complaints "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and

to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a). Supplemental Rule G further requires that a complaint for civil forfeiture "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

"However, the Government is not required to allege in the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. The issue is one of pleading, not proof at trial." *United States v. $22,173.00*, No. 09 Civ. 7386 (SAS), 2010 WL 1328953, *2 (S.D.N.Y. Apr. 5, 2010). "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D).

Following a review of the Complaint, the Court finds that the United States has alleged sufficient facts to withstand Claimant's Motion to Dismiss. The Complaint alleges, among other things, that (1) law enforcement's canine indicated to the odor of narcotics coming from Claimant's vehicle; (2) law enforcement located the Defendant currency in a bag in Claimant's vehicle and the bag had an odor of marijuana; (3) Claimant made false statements regarding his financial situation; (4) Claimant falsely reported that he did not have large amounts of currency in his vehicle; and (5) Claimant possessed articles entitled "How to Make Wicked Hash" and "How to Make Weed Oil Without Blowing Yourself Up." (Filing 1.) These allegations are sufficiently detailed to support a reasonable belief that the United States will be able to meet its burden of proof at trial. *See United States v. $124,700*, 458 F.3d 822, 826 (8th Cir. 2006) ("[B]undling and concealment of large amounts of currency, combined with other suspicious circumstances, supports a connection between money and drug trafficking") (citation omitted); *United States v. $117,920*, 413 F.3d 826, 829 (8th Cir. 2005) (determining that concealing large amounts of currency, lying about possession of currency, and possessing materials associated with the drug trade are evidence of a connection to drug trafficking). The Complaint satisfies the pleadings requirements of Supplemental Rules E(2) and G(2), as well as Fed. R. Civ. P. 12(b)(6).

Accordingly,

**IT IS ORDERED** that Claimant's Motion to Dismiss Verified Complaint for Forfeiture (filing 20) is denied.

**DATED May 10, 2013.**

                                      **BY THE COURT:**

                                      S/ F.A. Gossett
                                      **United States Magistrate Judge**